FILED
2016 Jul-21  AM 11:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **BRUCE BAKER,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No.: 4:16-CV-445-VEH |
| **ZACHARY KINSEY,** | ) |
| **Defendant**. | ) |

## MEMORANDUM OPINION AND ORDER

This is a personal injury action brought in federal court pursuant to 28 U.S.C. § 1332. The automobile collision at the heart of this case occurred when Plaintiff Bruce Baker, an Alabama citizen, was allegedly rear-ended by Defendant Zachary Kinsey, a Georgia citizen, in Floyd County, Georgia. Kinsey has moved to dismiss the complaint for lack of personal jurisdiction, or, in the alternative, lack of subject-matter jurisdiction. Baker has not responded, and the motion will be **GRANTED**.[1]

The facts of this case are extremely simple: On October 14, 2014, in Floyd County, Georgia, Kinsey allowed his Chevrolet Silverado to collide with the rear end of Baker's vehicle. Baker claims this was done negligently, or perhaps even

---

[1] The court issued an order on June 1, 2016 directing Baker to show cause why this action should not be dismissed for lack of personal jurisdiction, or why venue should be changed to the Northern District of Georgia. Baker did not respond, and Kinsey responded with this motion to dismiss.

wantonly, so he sued Kinsey. The suit was filed in the Middle Division of the United States District Court for the Northern District of Alabama.

Although Kinsey raises the lack of subject-matter jurisdiction and personal jurisdiction as defenses, the issue of personal jurisdiction is more straightforward, so the court will address only that. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (a federal court may "choose among threshold grounds for denying audience to a case on the merits"). Simply put, Kinsey argues that he has nothing to do with the State of Alabama—in this case or ever—so he is not amenable to suit in Alabama. That's about right.

As a starting point, a district court may dismiss a complaint without prejudice for failing to respond to a motion to dismiss. *Arundar v. Dekalb Cty. Sch. Dist.*, 620 F.2d 493, 495 (5th Cir. 1980). But, in the interest of completeness, the court will explain why it lacks personal jurisdiction over Kinsey. "A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257-58 (11th Cir. 2010) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). ALA. R. CIV. P. 4.2 is the closest this state has

to a long arm statute, and it is "coextensive with the due process guaranteed under the United States Constitution." *Elliott v. Van Kleef*, 830 So.2d 726, 730 (Ala. 2003).

Consistent with the due process clause, a court can exercise general or specific personal jurisdiction over a party. *Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 477 F.3d 1357, 1360 n.3 (11th Cir. 2006). "For an individual, the paradigm forum for the exercise of jurisdiction is the individual's domicile." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Since everyone agrees Kinsey is not an Alabama domiciliary (there would be no diversity jurisdiction otherwise), general jurisdiction is out. Specific jurisdiction is explained less succinctly, but it may be exercised when the defendant "has certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). Kinsey alleges he has no contacts with Alabama, and Baker has not alleged any. The case is **DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** this 21st day of July, 2016.

                                                                                       /s/ VEHopkins
                                                                                       **VIRGINIA EMERSON HOPKINS**
                                                                                       United States District Judge